State v. Floyd

———————

STATE OF NORTH CAROLINA v. GROVER FLOYD

No. 8116SC897

(Filed 16 March 1982)

**Criminal Law § 85.1— evidence of defendant's reputation**
Where a witness testifies that he has lived for some time in the same community with the person whose character is at issue, has known that person

personally, and has heard nothing negative about him, the witness's testimony is admissible as evidence of reputation.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 7 April 1981 in Superior Court, ROBESON County. Heard in the Court of Appeals 3 February 1982.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury.

State's evidence tended to show that in the early morning hours of 27 December 1980, the defendant shot one Fred Powers outside a discotheque in Lumberton, North Carolina. The prosecuting witness testified that defendant attacked him without provocation. Defendant claimed the gun accidentally discharged when the prosecuting witness grabbed the defendant and wrestled him to the ground. There were no other eyewitnesses to the shooting.

The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury and defendant was sentenced to three years imprisonment. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*John Wishart Campbell for defendant appellant.*

ARNOLD, Judge.

Defendant's sole assignment of error is that the trial court wrongfully excluded the testimony of two witnesses called by the defense to attest to defendant's good character. Defendant argues that both witnesses testified that they had known him for a number of years and were familiar with his reputation. Defendant asserts that the court's exclusion of their testimony on grounds that it was not based on what they had heard others say about defendant was error. We agree.

While it is well established that proof of character presented as evidence of one's conduct on a given occasion must be based on one's reputation in the community rather than specific acts or the personal opinion of a witness, it does not follow that the only acceptable evidence of reputation is what the witness has "heard."

Indeed, what the witnesses here had *not* heard about the defendant, *e.g.* derogatory comments, may have been far better evidence of his reputation.

We conclude that where a witness testifies that he has lived for some time in the same community with the person whose character is at issue, has known that person personally, and has heard nothing negative about him, the witness's testimony is admissible as evidence of reputation. *See State v. Carden,* 209 N.C. 404, 183 S.E. 898 (1936), 1 Stansbury's N.C. Evidence § 110 (Brandis Rev. 1973). The trial court erred in concluding otherwise.

In the case at bar, there were no witnesses to the disputed events other than the defendant and the prosecuting witness. The outcome of the trial, therefore, necessarily turned on which version of the facts the jury believed, *i.e.* which witness the jury found more credible. Accordingly, we find the court's error in excluding evidence of defendant's reputation was prejudicial and entitles him to a

New trial.

Judges CLARK and WHICHARD concur.